David Watson, #318189
_____
Name and Prisoner/Booking Number

Douglas/ Mohave Unit
_____
Place of Confinement

P.O. Box 3867
_____
Mailing Address

Douglas, Arizona 85608
_____
City, State, Zip Code

**(Failure to notify the Court of your change of address may result in dismissal of this action.)**

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

David Watson,
_____ ,
(Full Name of Petitioner)

                    Petitioner,

v.

Ryan Thornell, Director AZ Department of Corrections
_____ ,
(Name of the Director of the Department of Corrections, Jailor or authorized person having custody of Petitioner),

                    Respondent,
                    and
The Attorney General of the State of Arizona        ,

                    Additional Respondent.

CASE NO. _____
(To be supplied by the Clerk)

**PETITION UNDER 28 U.S.C. § 2254 FOR A WRIT OF HABEAS CORPUS BY A PERSON IN STATE CUSTODY (NON-DEATH PENALTY)**

## PETITION

1.  (a)  Name and location of court that entered the judgment of conviction you are challenging: Pima County Superior Court, Tucson Arizona
_____

    (b)  Criminal docket or case number: CR20151542-001 _____

2.  Date of judgment of conviction: April 17, 2017 _____

3.  In this case, were you convicted on more than one count or crime?     Yes ☒        No ☐

Revised 3/15/16                          1

4.  Identify all counts and crimes for which you were convicted and sentenced in this case: <u>Two counts of non-capital</u>
<u>first degree murder, in violation of A.R.S. 13-1105; One count second degree murder, in violation of A.R.S. 13-1104</u>

5.  Length of sentence for each count or crime for which you were convicted in this case: <u>Consecutive terms of 25</u>
<u>years on each first degree murder count, followed by 16 years for the second degree murder count, for a total of 66 years</u>

6.  (a)  What was your plea?
    Not guilty                              ☒
    Guilty                                  ☐
    Nolo contendere (no contest)            ☐

    (b)   If you entered a guilty plea to one count or charge, and a not guilty plea to another count or charge, give details: _____

    (c)   If you went to trial, what kind of trial did you have?   (Check one) Jury ☒ Judge only ☐

7.  Did you testify at the trial?        Yes ☐        No ☒

8.  Did you file a direct appeal to the Arizona Court of Appeals from the judgment of conviction?
    Yes ☒      No ☐

    If yes, answer the following:

    (a)  Date you filed: <u>April 29, 2017</u>

    (b)  Docket or case number: <u>2 CA-CR 2017-0171</u>

    (c)  Result: <u>Convictions affirmed</u>

    (d)  Date of result: <u>October 31, 2019; Review granted but conviction affirmed again, January 22, 2021</u>

    (e)  Grounds raised: <u>(1) Mr. Watson's jury should have been told about third-party culpability of several other suspects; (2) Court erred in allowing surprise evidence controverting part of Watson's third-party culpability claim; (3) Denial of mistrial motion re: State's improper use of exhibits and improper opening and closing arguments; (4) Court erred in limiting opening statements; (5) Court erred in refusing admission of evidence of vindictiveness of Watson's ex-wife, the State's key witness; (6) Court erred in precluding admission of an exculpatory map into evidence; (7) Prosecutorial misconduct; and, (8) Insufficiency of evidence to support verdicts.</u>

    **Attach, if available, a copy of any brief filed on your behalf and a copy of the decision by the court.**

9.  Did you appeal to the Arizona Supreme Court?   Yes ☒          No ☐

    If yes, answer the following:

    (a)  Date you filed:  January 3, 2020 _____

    (b)  Docket or case number:  CR-19-0394-PR _____

    (c)  Result:  Review granted; case remanded for reconsideration and further proceedings _____

    (d)  Date of result:  August 27, 2020 _____

    (e)  Grounds raised:  Prosecutorial misconduct in: Grand jury; opening statement; eliciting inadmissible evidence; leading quest-
    ions; and, impugning defense counsel. _____
    _____
    _____
    _____
    _____

    **Attach, if available, a copy of any brief filed on your behalf and a copy of the decision by the court.**

10.  Did you file a petition for certiorari in the United States Supreme Court?      Yes ☐      No ☒

    If yes, answer the following:

    (a)  Date you filed:  _____

    (b)  Docket or case number:  _____

    (c)  Result:  _____

    (d)  Date of result:  _____

    (e)  Grounds raised:  _____
    _____
    _____
    _____
    _____

    **Attach, if available, a copy of any brief filed on your behalf and a copy of the decision by the court.**

11.  Other than the direct appeals listed above, have you filed any other petitions, applications or motions
concerning this judgment of conviction in any state court?   Yes ☒          No ☐

    If yes, answer the following:

(a)   First Petition.

    (1)   Date you filed:  December 10, 2019 notice of Rule 32 proceeding; January 14, 2022 petition

    (2)   Name of court:  Pima County Superior Court

    (3)   Nature of the proceeding (Rule 32, special action or habeas corpus):  Rule 32

    (4)   Docket or case number:  CR20151542-001

    (5)   Result:  Post-conviction relief denied

    (6)   Date of result:  October 13, 2022

    (7)   Grounds raised:  (1) Trial counsel and appellate counsel were both ineffective in failing to renew and preserve Mr. Watson's motion to sever the murder charge pertaining to his ex-wife in 2000, and the charges that he killed his mother-in-law and her friend in 2003. This issue was litigated in Mr. Watson's first trial, but the jury in that proceeding was unable to reach a verdict, and counsel did not raise the severance issue again in Watson's second trial, or later on appeal.

**Attach, if available, a copy of any brief filed on your behalf and a copy of the decision by the court.**

(b)   Second Petition.

    (1)   Date you filed:  _____

    (2)   Name of court:  _____

    (3)   Nature of the proceeding (Rule 32, special action or habeas corpus):  _____

    (4)   Docket or case number:  _____

    (5)   Result:  _____

    (6)   Date of result:  _____

    (7)   Grounds raised:  _____

**Attach, if available, a copy of any brief filed on your behalf and a copy of the decision by the court.**

4

(c)  Third Petition.

(1)  Date you filed: _____

(2)  Name of court: _____

(3)  Nature of the proceeding (Rule 32, special action or habeas corpus): _____

(4)  Docket or case number: _____

(5)  Result: _____

(6)  Date of result: _____

(7)  Grounds raised: _____

_____

_____

_____

_____

**Attach, if available, a copy of any brief filed on your behalf and a copy of the decision by the court.**

(d)  Did you appeal the action taken on your petition, application, or motion to the:

|  | Arizona Court of Appeals: | | Arizona Supreme Court: | |
|---|---|---|---|---|
| (1)  First petition: | Yes ☒ | No ☐ | Yes ☐ | No ☒ |
| (2)  Second petition: | Yes ☐ | No ☐ | Yes ☐ | No ☐ |
| (3)  Third petition | Yes ☐ | No ☐ | Yes ☐ | No ☐ |

(e)  If you did not appeal to the Arizona Court of Appeals, explain why you did not: _____

_____

_____

_____

_____

_____

12. For this petition, **state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States**.  Attach additional pages if you have more than four grounds.   State the <u>facts</u> supporting each ground.

   <u>**CAUTION:**   To proceed in the federal court, you must ordinarily first exhaust (use up) your available state-court remedies on each ground on which you request action by the federal court.   Also, if you fail to set forth all the grounds in this petition, you may be barred from presenting additional grounds at a later date.</u>

5

**GROUND ONE**: The Arizona courts erred by finding that sufficient evidence was presented to support Mr.
Watson's three convictions, which thus violates his due process and fair trial rights guaranteed under the Fifth and Sixth Amendments
which are extended to him via the Fourteenth Amendment.

(a)   Supporting FACTS (Do not argue or cite law.   Just state the specific facts that support your claim.):

PLEASE SEE ATTACHED SUPPLEMENTAL BRIEF. THE FACTS ARE TOO NUMEROUS TO STATE IN THIS SPACE.

(b) Did you present the issue raised in Ground One to the Arizona Court of Appeals?   Yes ☒         No ☐

(c) If yes, did you present the issue in a:
Direct appeal            ☐
First petition            ☒
Second petition          ☐
Third petition           ☐

(d)   If you did not present the issue in Ground One to the Arizona Court of Appeals, explain why: _____

(e) Did you present the issue raised in Ground One to the Arizona Supreme Court?   Yes ☐         No ☒

6

**GROUND TWO:** Mr. Watson is entitled to federal post-conviction relief because the Arizona courts erred in pro-hibiting him from offering exculpatory rebuttal evidence showing vindictiveness on the part of the State's key witness, Watson's wife at the time of the alleged murders. This denial of exculpatory evidence violated Mr. Watson's due process right under the Fifth Amendment to present a complete defense.

(a)   Supporting FACTS (Do not argue or cite law.   Just state the specific facts that support your claim.):

Type text here

PLEASE SEE ATTACHED SUPPLEMENTAL BRIEF. THE FACTS ARE TOO NUMEROUS TO STATE IN THIS SPACE.

(b) Did you present the issue raised in Ground Two to the Arizona Court of Appeals?    Yes ☒         No ☐

(c) If yes, did you present the issue in a:
        Direct appeal          ☐
        First petition          ☒
        Second petition       ☐
        Third petition         ☐

(d)   If you did not present the issue in Ground Two to the Arizona Court of Appeals, explain why:   _____

(e) Did you present the issue raised in Ground Two to the Arizona Supreme Court?    Yes ☐         No ☒

**GROUND THREE**: The Arizona courts erred by finding that Mr. Watson received effective assistance of counsel under the Sixth Amendment, extended to him via the Fourteenth Amendment, where trial and appellate counsel both failed to raise Watson's severance arguments in his second trial and his direct appeal. Mr. Watson was accused of committing three separate murders, one in 2000 and two in 2003.

_____

_____

(a)  Supporting FACTS (Do not argue or cite law.   Just state the specific facts that support your claim.):
_____
PLEASE SEE ATTACHED SUPPLEMENTAL BRIEF. THE FACTS ARE TOO NUMEROUS TO STATE IN THIS SPACE.
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____

(b) Did you present the issue raised in Ground Three to the Arizona Court of Appeals?   Yes ☒        No ☐

(c) If yes, did you present the issue in a:
        Direct appeal          ☐
        First petition          ☒
        Second petition        ☐
        Third petition          ☐

(d)  If you did not present the issue in Ground Three to the Arizona Court of Appeals, explain why: _____
_____
_____
_____
_____

(e) Did you present the issue raised in Ground Three to the Arizona Supreme Court?   Yes ☐        No ☐

**GROUND FOUR**: _____

_____

_____

_____

_____

(a)   Supporting FACTS (Do not argue or cite law.   Just state the specific facts that support your claim.):

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

(b) Did you present the issue raised in Ground Four to the Arizona Court of Appeals?   Yes ☐        No ☐

(c) If yes, did you present the issue in a:
     Direct appeal           ☐
     First petition          ☐
     Second petition         ☐
     Third petition          ☐

(d)   If you did not present the issue in Ground Four to the Arizona Court of Appeals, explain why: _____

_____

_____

_____

(e) Did you present the issue raised in Ground Four to the Arizona Supreme Court?   Yes ☐        No ☐

**Please answer these additional questions about this petition:**

13. Have you previously filed any type of petition, application or motion in a federal court regarding the conviction that you challenge in this petition?        Yes ☐        No ☒

If yes, give the date of filing, the name and location of the court, the docket or case number, the type of proceeding, the issues raised, the date of the court's decision, and the result for each petition, application, or motion filed.   Attach a copy of any court opinion or order, if available: _____

_____Type text here_____

_____

_____

_____

_____

_____

14. Do you have any petition or appeal <u>now pending</u> (filed and not decided yet) in any court, either state or federal, as to the judgment you are challenging?        Yes ☐        No ☒☒

If yes, give the date of filing, the name and location of the court, the docket or case number, the type of proceeding, and the issues raised: _____

_____

_____

_____

_____

_____

_____

15. Do you have any future sentence to serve after you complete the sentence imposed by the judgment you are challenging?   Yes ☐        No ☒☒

If yes, answer the following:

(a) Name and location of the court that imposed the sentence to be served in the future:

_____

_____

_____

(b)   Date that the other sentence was imposed: _____

(c)   Length of the other sentence: _____

(d)   Have you filed, or do you plan to file, any petition challenging the judgment or sentence to be served in the future?        Yes ☐        No ☐

10

16. TIMELINESS OF PETITION: If your judgment of conviction became final more than one year ago, you must explain why the one-year statute of limitations in 28 U.S.C. § 2244(d) does not bar your petition.*

This 2254 Petition was filed within one year of the May 16, 2024 appellate ruling which brought an end to Mr. Watson's Rule 32 litigation. Because Mr. Watson had filed for Rule 32 relief after losing his direct appeal the first time on October 31, 2019. After that, his case was then accepted by the AZ Supreme Court and remanded back to the Court of Appeals, where he lost January 22, 2021. Mr. Watson did not seek certiorari review in the United States Supreme Court, and instead, he immediately resumed litigating his Rule 32 action/ State post-conviction litigation. The Superior Court accepted his Rule 32 notice which was filed early, and held all proceedings in abeyance until after the AZ Court of Appeals' mandate issued June 11, 2021, resuming proceedings officially on July 15, 2021. See Exhibit 5, attached. Accordingly, no days ran off of Mr. Watson's "2244(d)" clock between his direct appeal loss and the commencement and litigation of his Rule 32 proceedings in the State post-conviction court. As such, this 2254 Petition was filed within one year of the May 16, 2024 appellate ruling which brought an end to Watson's Rule 32 litigation.

*Section 2244(d) provides in part that:

(1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.   The limitation period shall run from the latest of-

(A)  the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B)  the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C)  the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D)  the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2)  The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

17. Petitioner asks that the Court grant the following relief:  Mr. Watson's convictions and sentence ought to be set aside, and a re-trial should be ordered. However, if the State of Arizona declines the opportunity to re-try Mr. Watson in a timely manner, the State should be ordered to release him and discharge him.

or any other relief to which Petitioner may be entitled.  (Money damages are not available in habeas corpus cases.)

I declare under penalty of perjury that the foregoing is true and correct and that this Petition for Writ of Habeas Corpus was placed in the prison mailing system on  N/A _____(month, day, year).

/S/ David Watson by his attorney, Jonathan Laurans
**Signature of Petitioner**

/s/ Jonathan Laurans, AZ# 034945                    MARCH 26, 2025
Signature of attorney, if any                              Date